USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

CHARLES BERARD,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    :     CONSENT PRELIMINARY ORDER
      OF FORFEITURE AS TO SPECIFIC
    :     PROPERTY/
      MONEY JUDGMENT
    :

    :     S2 22 Cr. 252

    :

WHEREAS, on or about January 17, 2023, CHARLES BERARD (the "Defendant"), was charged in a Sealed Superseding Indictment, S1 22 Cr. 252 (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); possession with intent to distribute narcotics, in violation of Title 21, United States Code, Section 841 (Count Four); and using or possessing a firearm in the course of drug trafficking in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Four of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts One and Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment;

WHEREAS, on or about March 14, 2024, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853 (i) a sum of money equal to $122,615 in United States currency, representing the proceeds obtained from the offense charged in Count One of the Information; and (ii) all right, title and interest of the Defendant in the following specific property:

    a. Toyota 2019 4Runner registered in Defendant's name at the time of Defendant's arrest;

    b. $110,500 in United States currency seized from the Defendant's vehicle at the time of his arrest (the "Seized Currency"); and

    c. Smith & Wesson M&P firearm with serial number HYH8591 (the "Firearm")

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $122,615 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property as constituting proceeds traceable to the offense charged in Count One of the Indictment and property used or intended to be used to facilitate the offense charged in Count One of the Indictment:

    a. Toyota 2019 4Runner, VIN No. JTEBU5JR6K5670323 seized on or about May 10, 2022 at the time of Defendants arrest;

    b. The Seized Currency; and

    c. The Firearm

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained, and the property used or intended to be used to facilitate the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Steven J. Kochevar of counsel, and the Defendant, and his counsel, Samantha Chorny, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $122,615 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, CHARLES BERARD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York


By: _____          07/13/24
       Steven J. Kochevar                                      DATE
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2262



CHARLES BERARD

By: _____          3/13.2024
       CHARLES BERARD                                     DATE

By: _____          8-13-24
       SAMANTHA CHORNY, ESQ.                       DATE
       Attorney for Defendant
       433 Broadway, Suite 401
       New York, NY 10013



SO ORDERED:

_____          8/28/24
HONORABLE VINCENT L. BRICCETTI           DATE
UNITED STATES DISTRICT JUDGE