```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                    :
                                            :
v.                                          :
                                            :    ORDER
CHARLES BERARD,                             :
                          Defendant.        :    S2 22 CR 252-2 (VB)
--------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/24

By letter filed on December 16, 2024 (Doc. #170), defendant Berard seeks a 120-day extension of his direct surrender date, which is currently set for January 3, 2025. For the reasons set forth below, the request is DENIED.

The Court is sympathetic to Mr. Berard's health concerns, and agrees that he has been in full compliance with the conditions of pretrial release for more than two years. Indeed, in imposing a below-Guidelines sentence of 72 months' imprisonment, the Court explicitly took into account both Berard's health concerns and the fact that he has done well on pretrial release. Those health concerns and the fact that he did not pose a bail risk were also why the Court granted Berard a direct surrender date over the government's objection.

Moreover, the Court is convinced both by its prior experience and the government's letter of December 19, 2024 (Doc. #172), that the Bureau of Prisons is capable of adequately caring for Mr. Berard and treating his various ailments.

In addition, Mr. Berard has had sufficient time to get his affairs in order prior to commencing his term of imprisonment. He pleaded guilty in March 2024, he was sentenced in August 2024, and he was given a longer than usual time to surrender at the institution to be designated. If the 120-day extension were granted, approximately fourteen months will have elapsed between his plea and the commencement of his sentence, which is longer than necessary under the circumstances.

Finally, the Court has no reason to believe that if the extension were granted, all or substantially all of Mr. Berard's chronic health problems would be resolved by the new surrender date.

Mr. Berard has been convicted of an extraordinarily serious crime—the trafficking of multiple kilograms of fentanyl and cocaine as part of an extensive narcotics conspiracy—and the time has come for him to start serving his sentence.

The request to extend the direct surrender date is DENIED.

Dated: December 20, 2024          SO ORDERED:
       White Plains, NY

                                  _____
                                  Vincent L. Briccetti
                                  United States District Judge