USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA　　　　　:

v.　　　　　　　　　　　　　　　　　　:

CHARLES BERARD,　　　　　　　　　:
　　　　　　　　　　　　Defendant.　:

-----------------------------------------------------------x

**ORDER**

S2 22 CR 252-2 (VB)

By motion filed March 17, 2025, defendant Charles Berard seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. Amendment 821 went into effect on November 1, 2023.

For the following reasons, the motion is DENIED.

First, Section 3582(c)(2) applies only when a defendant is serving a term of imprisonment and, as a result of an amendment to the Sentencing Guidelines, that defendant's guideline range has been lowered subsequent to his sentencing. That did not happen here. Berard's sentencing range was 108 to 135 months' imprisonment, based on a final offense level of 31, at Criminal History Category I. The final offense level reflected, among other things, that Berard possessed a firearm in connection with the offense. Berard was in Criminal History Category I because he had zero criminal history points.

Amendment 821 is an amendment to the Sentencing Guidelines, but it became effective on November 1, 2023, long before Berard was sentenced on August 28, 2024. Thus, Berard's guideline range was not lowered after he was sentenced as a result of an amendment to the Guidelines, and Section 3582(c)(2) does not apply to this case.

Moreover, even if Section 3582(c)(2) did apply to this case (which it does not), the "status points" provision of Amendment 821 would not apply to Berard because Berard has zero criminal history points and did not commit the instant offense while under a criminal justice sentence. See U.S.S.G. § 4A1.1(e). And although Berard had zero criminal history points, the "zero-point offenders" provision of Amendment 821 would not apply because Berard possessed a firearm in connection with the offense. See U.S.S.G. § 4C1.1(a)(7).

In short, Berard is plainly not eligible for a reduction of his term of imprisonment based on Section 3582(c)(2) or Amendment 821.[1]

Chambers will mail a copy of this Order to Berard at the following address:

---

[1] Berard also requests the appointment of counsel in connection with his motion. That request is denied because no purpose would be served by appointing counsel to assist Berard in making a motion for relief to which he is plainly not eligible.

1

Charles Berard, Reg. No. 00431-510
FCI Schuylkill
Federal Correctional Institution
Satellite Camp
P.O. Box 670
Minersville, PA  17954

Dated: March 21, 2025
         White Plains, NY

                                   SO ORDERED:

                                   Vincent L. Briccetti
                                   United States District Judge